United States District Court
Southern District of Texas
**ENTERED**
January 09, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK ALTON MILLER, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-23-3699 |
| | § § | |
| CONSTABLE SHERMAN EAGLETON, et al., | § § § | |
| | § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

In June 2021, Harris County Precinct 3 Deputy Constables conducted a traffic stop and confiscated and withheld $103,182 in cash from the driver, Frank Alton Miller. (Docket Entry No. 1-1 at 6). The cash was the subject of a federal administrative forfeiture proceeding, in which Miller participated through counsel. (Docket Entry No. 3-1). The cash was forfeited to the United States. (*Id.*).

In 2023, Miller filed this suit to recover the forfeited funds. (Docket Entry No. 1-1). He did not, however, sue the United States, which obtained the funds through a formal forfeiture action. (*Id.*). Instead, Miller has sued Precinct 3 Constable Eagleton and Harris County, alleging that Precinct 3 deputies violated Miller's federal and state constitutional rights by having the money forfeited through a federal, rather than a state, forfeiture proceeding. (*Id.* at 6–7). The arguments against Constable Eagleton are foreclosed by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and the absence of any allegations of his personal involvement. The argument that funds initially seized by state or local law enforcement cannot be forfeited through a federal forfeiture action is a reverse federalism argument, on steroids.

Miller does not allege that the deputy constable's action in conducting the traffic stop that resulted in the confiscation of the funds was an actionable constitutional violation. No facts are alleged that the stop or the seizure violated the constitution. The only constitutional violation alleged is that because state officials had seized the funds, a state forfeiture proceeding was required. No authority is cited for this proposition.

The facts alleged appear to be the stuff of routine law enforcement. Constables executed a traffic stop on Miller's vehicle. (Docket Entry No. 1-1). The money was found and confiscated and reported to the DEA. (Docket Entry No. 3-1). The DEA field office submitted a forfeiture report, which was reviewed for sufficiency of evidence and proper procedure. The DEA found the case appropriate for an administrative forfeiture and sent written notice to Miller and to a woman with the same last name at the same address. (Docket Entry No. 3-1). USPS tracking reflected that the notice had been "picked up at the post office." (*Id.* at 11, 16). The federal forfeiture action was conducted under the authority and procedures under 21 U.S.C. 881(a). The record shows that the forfeiture proceeding was conducted under the DEA procedure, which made a record of each step, including steps made to provide notice to Mr. Miller.

Mr. Miller does not claim that his rights were violated when money properly seized by deputy constables and properly transmitted to the DEA was then properly forfeited by the DEA. His complaint is that a state seizure should have been followed by a state forfeiture. He fails to state a claim on which relief can be granted. His complaint is dismissed, with prejudice, because amendment would be futile.

SIGNED on January 9, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge